THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH AULD, Appellant. [806 NYS2d 832]—

Appeal from an order of the Monroe County Court (Frank P. Geraci, Jr., J.), entered February 5, 2004. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*). Contrary to defendant's contention, County Court was entitled to assess an additional 20 points to the score indicated by the risk assessment instrument based on the facts and circumstances appearing in the record, i.e., defendant's continuing course of sexual misconduct (*see People v Carswell*, 8 AD3d 1073 [2004], *lv denied* 3 NY3d 607 [2004]). Unlike the Board of Examiners of Sex Offenders (Board), the court had before it the time frame of the sexual contacts between defendant and the victim and thus had a basis for determining that defendant was engaging in a continuing course of sexual misconduct.

We further conclude that the court's determination, adopting the Board's recommendation to depart from the presumptively correct classification of defendant as a level two risk, is based upon clear and convincing evidence (*see generally* Correction Law § 168-n [3]; *People v Heichel*, 20 AD3d 934 [2005]; *People v Sanford*, 16 AD3d 1082 [2005], *lv denied* 4 NY3d 711 [2005]). The court properly took into account the fact that defendant previously had pleaded guilty to disorderly conduct for engaging in sexual contact with a 16-year-old girl in his home and had received a conditional discharge as a result thereof. Although a condition of the conditional discharge was that defendant have no contact with females under 18 years of age, defendant nevertheless became involved with the 13-year-old victim in the instant case only weeks after that condition was imposed. Contrary to the contention of defendant, the presumptive risk level "did not fully take into account" his violation of that condition (*Sanford*, 16 AD3d at 1083). Present—Hurlbutt, J.P., Scudder, Gorski, Martoche and Smith, JJ.