■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN R. SEILS, Appellant. [813 NYS2d 594]—

Appeal from an order of the Monroe County Court (Frank P. Geraci, Jr., J.), entered September 2, 2004. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Defendant contends that County Court erred in determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*), as recommended by the Board of Examiners of Sex Offenders (Board). We conclude that "the court's determination, adopting the Board's recommendation to depart from the presumptively correct classification of defendant as a level two risk, is based upon clear and convincing evidence" (*People v Auld*, 24 AD3d 1249, 1250 [2005]; *see generally* Correction Law § 168-n [3]). The court properly considered the prior admission of defendant that he previously had molested multiple children, despite the fact that defendant was never charged with those sex offenses and denied those allegations during the SORA hearing (*see People v Heichel*, 20 AD3d 934 [2005]). The court also properly considered the fact that, as the result of a psychiatric evaluation, defendant had been diagnosed as a pedophile. Indeed, that diagnosis alone would support a finding that defendant poses a serious risk to public safety, justifying the upward departure from the presumptively correct classification of defendant as a level two risk (*see People v Zehner*, 24 AD3d 826, 827 n [2005]). Present—Pigott, Jr., P.J., Hurlbutt, Martoche, Smith and Pine, JJ.