■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY ANDRYCHUK, Appellant. [831 NYS2d 795]—

Appeal from an order of the Supreme Court, Monroe County (Frank P. Geraci, Jr., A.J.), entered February 22, 2005. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk under the Sex Offender Registration Act (Correction Law § 168 *et seq.*). Based upon the total risk factor score on the risk assessment instrument, defendant was presumptively classified as a level one risk (*see generally People v Brown*, 302 AD2d 919, 920 [2003]), and the Board of Examiners of Sex Offenders (Board) recommended an upward departure to level two. The Board's recommendation was based in part upon evidence that, "when [defendant] becomes non-compliant with his prescribed medications, . . . he decompensates to a dangerous, psychotic level with sexually aggressive features." Supreme Court concluded, however, that defendant is presumptively a level three risk based upon the presumptive override for "mental abnormality," i.e., "a clinical assessment that the offender has a psychological, physical, or organic abnormality that decreases his ability to control impulsive sexual behavior" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 3 [Nov. 1997]). Alternatively, the court concluded that an upward departure from defendant's presumptive risk level was warranted because "there exists an aggravating . . . factor of a kind, or to a degree, not otherwise adequately taken into account by the guidelines" (*id.* at 4).

Contrary to defendant's contention, clear and convincing evidence supports the court's conclusions that the presumptive override applies and that an upward departure to level three is warranted (*see People v Seils*, 28 AD3d 1158 [2006], *lv denied* 7 NY3d 709 [2006]; *see generally Brown*, 302 AD2d at 920). The People established that defendant has a "mental abnormality" and the failure of defendant to take prescribed medication, coupled with his tendency to self-medicate with drugs and alcohol, decreases his ability to control his impulsive sexual behavior (*see People v Marinconz*, 178 Misc 2d 30, 38 [1998]; *cf.*

*People v Perkins*, 35 AD3d 1167, 1168 [2006]; *People v Zehner*, 24 AD3d 826, 827 [2005]), causing defendant to pose a serious risk to public safety and justifying his classification as a level three risk (*see Seils*, 28 AD3d 1158 [2006]). Present—Scudder, P.J., Gorski, Centra, Green and Pine, JJ.