THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT DONK, Appellant. [833 NYS2d 828]—

Appeal from an amended order of the Ontario County Court (Frederick G. Reed, J.), dated January 26, 2006. The amended order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the amended order so appealed from be and the same hereby is unanimously modified on the law by determining that defendant is a level two risk pursuant to the Sex Offender Registration Act and as modified the amended order is affirmed without costs.

Memorandum: Defendant incorrectly appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*), rather than from an amended order deleting the statement that he consented to the risk level. In the exercise of our discretion, we treat the notice of appeal as valid and deem the appeal as taken

from the amended order (*see* CPLR 5520 [c]). Defendant contends that County Court erred in assessing 20 points against him for a continuing course of sexual misconduct and that, in the absence of those 20 points, the total points assessed against him do not reach the minimum necessary for a level three risk. We agree with defendant, and we therefore modify the amended order accordingly. The People failed to establish by clear and convincing evidence that defendant engaged in "either (i) two or more acts of sexual contact, at least one of which is an act of sexual intercourse, deviate sexual intercourse, or aggravated sexual abuse, which acts are separated in time by at least 24 hours, or (ii) three or more acts of sexual contact over a period of at least two weeks" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 10 [Nov. 1997]; *see generally* Correction Law § 168-n [3]; *People v Brown*, 302 AD2d 919, 920 [2003]).

We reject the further contention of defendant that the court erred in assessing 15 points against him for a history of drug or alcohol abuse. The People presented clear and convincing evidence establishing that defendant had a history of drug abuse, including evidence of a conviction related to an incident in which defendant blew marihuana smoke into the mouth of a baby as well as evidence of at least one disciplinary action in prison for a drug infraction. Present—Scudder, P.J., Hurlbutt, Green and Pine, JJ.