■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFREDO DI JOHN, III, Appellant. [853 NYS2d 242]—

Appeal from an order of the Steuben County Court (Joseph W. Latham, J.), entered November 4, 2005. The order determined

that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*). We reject the contention of defendant that County Court's assessment of 20 points against him under risk factor 4, continuing course of sexual misconduct, is not supported by clear and convincing evidence (*see* § 168-n [3]). According to the presentence report, defendant admitted that he sexually assaulted the victim during December 2003, February 2004, and March 2004 (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 11 [Nov. 1997]; *cf. People v Donk*, 39 AD3d 1268, 1269 [2007]). Contrary to the further contention of defendant, the court's assessment of 10 points against him under risk factor 15, inappropriate living situation, is also supported by clear and convincing evidence because the presentence report establishes that defendant resided with his four-year-old son and 10-year-old stepson (*see* Risk Assessment Guidelines and Commentary, at 16; *see also People v Kearns*, 253 AD2d 768, 774 [1998], *affd* 95 NY2d 816 [2000]). We reject the contention of defendant that the court improvidently exercised its discretion in denying his request for an adjournment to enable him to present expert testimony challenging the scientific validity of the risk assessment instrument (RAI). A request for an adjournment of a SORA hearing must be granted only "[w]here there is a dispute between the parties concerning the determinations" in order to permit either party "to obtain materials relevant to the determinations from the state board of examiners of sex offenders or any state or local facility, hospital, institution, office, agency, department or division" (Correction Law § 168-n [3]). Thus, the court properly refused to grant an adjournment insofar as defendant sought to challenge the risk factors set forth in the RAI. In any event, the decision whether to grant an adjournment is within the sound discretion of the hearing court (*see generally Matter of Anthony M.*, 63 NY2d 270, 283 [1984]), and the court properly exercised its discretion in denying defendant's request. Present—Scudder, P.J., Hurlbutt, Lunn, Fahey and Pine, JJ.