■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD E. ELLIS, Appellant. [859 NYS2d 809]—

Appeal from an order of the Oswego County Court (James W. McCarthy, J.), entered June 8, 2007. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*). Contrary to the contention of defendant, the upward departure from his presumptive classification as a level two risk is supported by the requisite clear and convincing evidence (*see People v Howe*, 49 AD3d 1302 [2008]; *People v Shattuck*, 37 AD3d 1041 [2007], *lv denied* 8 NY3d 811 [2007]). The record establishes that the offense would have been more severe, resulting in an increased total risk factor score on the risk assessment instrument, if not for the intervention of a third party at the time of the offense. The record also establishes that defendant has admitted peering into windows to watch naked women and that defendant was removed from a treatment program for sexual offenders based on his poor progress. The record thus establishes that "the risk of repeat offense is high and there exists a threat to the public safety," warranting the upward departure (Correction Law § 168-*l* [6] [c]). We reject the further contention of defendant that County Court erred in denying his request for an adjournment of the SORA hearing. Defendant failed to establish that "there [was] a dispute between the parties concerning the determinations" and that an adjournment was necessary to enable him to obtain material relevant to the determinations (§ 168-n [3]; *see People v Di John*, 48 AD3d 1302, 1303 [2008]). Present—Martoche, J.P., Smith, Centra, Lunn and Pine, JJ.