# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**252**
**KA 12-00041**
PRESENT: SMITH, J.P., FAHEY, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

STEPHEN M. COLLINS, DEFENDANT-APPELLANT.

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (JOHN E. TYO OF COUNSEL),
FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (JASON A. MACBRIDE
OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Ontario County Court (William F.
Kocher, J.), dated November 21, 2011. The order determined that
defendant is a level two risk pursuant to the Sex Offender
Registration Act.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he
is a level two risk pursuant to the Sex Offender Registration Act
([SORA] Correction Law § 168 *et seq.*). Based on the risk assessment
instrument prepared by the Board of Examiners of Sex Offenders,
defendant was presumptively classified as a level one risk based on
his total risk factor score. Following a SORA hearing, however,
County Court determined that an upward departure to a level two risk
was warranted. We reject defendant's contention that the court's
upward departure is not supported by the requisite clear and
convincing evidence (*see* § 168-n [3]). The presentence report
contained evidence that defendant had frequently downloaded pictures
of naked young girls onto his home computer, and the mental health
therapist who evaluated defendant for SORA classification purposes
diagnosed him as a pedophile. A "diagnosis [of pedophilia] alone
would support a finding that defendant poses a serious risk to public
safety, justifying the upward departure from the presumptively correct
classification of defendant as a level [one] risk" (*People v Seils*, 28
AD3d 1158, 1158, *lv denied* 7 NY3d 709; *see People v Zehner*, 24 AD3d
826, 827 n). In any event, we conclude that "defendant's
psychological abnormalities are causally related to any risk of
reoffense, and thus that there is clear and convincing evidence of
special circumstances to support the court's upward departure from
defendant's presumptive risk level" (*People v Mallaber*, 59 AD3d 989,

990, *lv denied* 12 NY3d 710).