# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**813**

**KA 12-01270**

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, CARNI, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                            MEMORANDUM AND ORDER

RUSSELL YOUNG, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN MCDERMOTT OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------------

Appeal from an order of the Onondaga County Court (Anthony F. Aloi, J.), entered April 16, 2012. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq*.). Defendant failed to preserve for our review his contention that he was ineligible to be designated a sexually violent offender (*see People v Windham*, 10 NY3d 801, 802; *People v Cullen*, 79 AD3d 1677, 1677-1678, *lv denied* 16 NY3d 709). Defendant did not present an adequate record to permit review of his contention that he was deprived of due process as a result of being denied access to documents relevant to his conviction of child molestation in the first degree in Washington State, on which County Court relied in its written decision and order determining defendant to be a level two risk (*see Palermo v Taccone*, 79 AD3d 1616, 1620; *de Vries v Metropolitan Tr. Auth.*, 11 AD3d 312, 312-313). In any event, we note that the court also relied on the case summary in determining defendant to be a level two risk. "The case summary may constitute clear and convincing evidence of the facts alleged therein and, where, as here, the defendant does not dispute the facts contained in the case summary, the case summary alone is sufficient to support the court's determination" (*People v Guzman*, 96 AD3d 1441, 1441-1442, *lv denied* 19 NY3d 812). Defendant's further contention that he was denied effective assistance of counsel lacks merit. Although "[a] sex offender facing risk level classification under SORA has a right to . . . effective assistance of counsel" (*People v Willingham*, 101 AD3d 979, 979), we conclude that, viewing the evidence, the law and the

circumstances of this case in totality and at the time of representation, defendant received effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147).

Defendant contends that reversal is required because the court failed to set forth its findings of fact and conclusions of law with respect to its determination that defendant is a level two risk, as required by Correction Law § 168-n (3). We reject that contention; rather, we conclude that the court's findings of fact rendered in conjunction with its oral decision " 'are clear, supported by the record and sufficiently detailed to permit intelligent appellate review' " (*People v Smith*, 75 AD3d 1112, 1112). Moreover, even if the court failed to set forth its findings of fact and conclusions of law, remittal is unnecessary where, as here, the record is sufficient to enable us to make our own findings of fact and conclusions of law (*see People v Urbanski*, 74 AD3d 1882, 1883, *lv denied* 15 NY3d 707). We also reject defendant's contention that the court erred in assessing him 20 points under risk factor 4 (*see People v Di John*, 48 AD3d 1302, 1303; *see generally People v Pettigrew*, 14 NY3d 406, 408-409). Here, the case summary indicates that defendant digitally penetrated the victim on three separate occasions between March 1992 and May 1992 (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 10 [2006]; *see also Di John*, 48 AD3d at 1303). Defendant did not preserve for our review his contention that the court erred in assessing 15 points under risk factor 12 (*see Cullen*, 79 AD3d at 1677) and, in any event, that contention lacks merit inasmuch as the case summary indicates that defendant denied molesting his victim and declined sex offender treatment (*see generally People v Hurlburt-Anderson*, 46 AD3d 1437, 1437). Defendant's further contention that the court erred in assessing 10 points under risk factor 13 is likewise without merit inasmuch as the case summary indicates that defendant was charged with a probation violation five days after his release from incarceration and was subsequently convicted of additional criminal activity (*cf. People v Neuer*, 86 AD3d 926, 927, *lv denied* 17 NY3d 716). Finally, we conclude that "defendant failed to present clear and convincing evidence of special circumstances justifying a downward departure" of his risk level (*People v McDaniel*, 27 AD3d 1158, 1159, *lv denied* 7 NY3d 703).

Entered: July 19, 2013                          Frances E. Cafarell
                                                Clerk of the Court