NeMoyer and Scudder, JJ.
(dissenting). We respectfully dissent in part because, in our view, County Court properly determined that an upward departure from a presumptive level two risk was warranted under these facts. We therefore would modify the order only by vacating the determination that defendant is a sexually violent offender, in the interest of justice and on the law.
Here, as the court properly determined, there was an aggravating circumstance that is, “as a matter of law, of a kind or to a degree not adequately taken into account by the [Sex Offender Registration Act] guidelines” (People v Gillotti, 23 NY3d 841, 861 [2014]), i.e., that defendant attempted to abduct the victim (see Penal Law §§ 110.00, 135.20). The court also properly determined that the People adduced sufficient evidence to meet their burden of proving by clear and convincing evidence that the aggravating factor existed, and that the “totality of the circumstances warrants a departure to avoid an . . . under-assessment of the defendant’s dangerousness and risk of sexual recidivism” (Gillotti, 23 NY3d at 861).
*1355 We respectfully disagree with the majority that the risk assessment guidelines adequately take into account the attempted abduction of the victim and, in our view, People v Jackson (12 NY3d 60 [2009]) does not compel a different result. In Jackson, the defendant was convicted of attempted kidnapping and challenged the requirement that he register as a sex offender pursuant to Correction Law § 168-a (1) (see Jackson, 12 NY3d at 64-65). The guidelines, however, are to be used by the Board of Examiners of Sex Offenders (Board) “ ‘to assess the risk of a repeat offense by [a] sex offender and the threat posed to the public safety’ ” (Gillotti, 23 NY3d at 852, quoting Correction Law § 168-Z [5]). With respect to the “current offense” for which the offender is being assessed, i.e., attempted kidnapping, the guidelines require the Board to assess the risks associated with the offender by evaluating the following factors: the use of violence, sexual contact with the victim, the number of victims, the duration of the offensive conduct with the victim, the age of the victim, and other characteristics of the victim, such as mental disability (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 7-11 [2006]). In our view, those factors do not adequately take into account the fact that defendant attempted to abduct the victim, i.e., that he attempted to restrain her and to prevent her liberation by secreting her in his basement, where she was unlikely to be found (see Penal Law § 135.00 [2]).
We also respectfully disagree with the majority’s conclusion that the ground for departure, i.e., defendant’s attempted abduction of the victim, was not raised and that defendant was not afforded an opportunity to be heard on the issue whether it was a proper ground for departure. Although the People did not frame the basis for an upward departure in precisely those terms, in our view, it is implicit in the People’s argument for an upward departure that the attempted abduction of the victim was the basis for an upward departure. Indeed, in granting the application for an upward departure, the court found that defendant lured the 11-year-old victim into his house and took her by the arm into the basement and restrained her there.
Thus, in our view, the court properly providently exercised its discretion in granting the People’s application for an upward departure to a level three risk (see People v Kotler, 123 AD3d 992, 993 [2014], lv denied 26 NY3d 902 [2015]; see generally People v Ellis, 52 AD3d 1272, 1273 [2008], lv denied 11 NY3d 707 [2008]).
Present — Whalen, P.J., Peradotto, Lindley, NeMoyer and Scudder, JJ.