# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**642**

**KA 14-01483**

PRESENT: PERADOTTO, J.P., CARNI, CURRAN, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V  MEMORANDUM AND ORDER

ALLEN COBB, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Erie County Court (Michael F. Pietruszka, J.), entered July 21, 2014. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is reversed on the law without costs and the matter is remitted to Erie County Court for further proceedings in accordance with the following memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*). We reject defendant's contention that the People failed to establish by clear and convincing evidence the applicability of an override to a presumptive level three risk based on his diagnosis of pedophilia (*see People v Lagville*, 136 AD3d 1005, 1006; *cf. People v McCollum*, 41 AD3d 1187, 1188, *lv denied* 9 NY3d 807). We nevertheless agree with defendant that County Court erred in denying his request for a downward departure to a level two risk on the ground that it applied an incorrect burden of proof, i.e., clear and convincing evidence rather than preponderance of the evidence (*see People v Gillotti*, 23 NY3d 841, 863-864). We therefore reverse the order, and we remit the matter to County Court for a determination of defendant's request for a downward departure, following a further hearing if necessary. We note that the record is not clear whether information provided to this Court in connection with defendant's appeal had been received by County Court before it issued its decision. Finally, we reject defendant's contention that he was denied effective assistance of counsel (*see People v Russell*, 115 AD3d 1236, 1236, *lv denied* 118 AD3d 1369; *see generally People v Baldi*, 54 NY2d 137, 147).

Entered: July 8, 2016

Frances E. Cafarell
Clerk of the Court