■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD SCHWARTZ, Appellant. [42 NYS3d 910]—

Appeal from an order of the Niagara County Court (Sara Sheldon, J.), dated November 10, 2015. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*). County Court determined that defendant was a presumptive level three risk by applying the automatic override for a psychological abnormality "that decreases his ability to control impulsive sexual behavior" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]), and then granted him a downward departure to a level two risk. Contrary to defendant's contention, the court's conclusion that the override applies based on his diagnosis of pedophilia is supported by clear and convincing evidence (*see People v Cobb*, 141 AD3d 1174, 1175 [2016]; *People v Ledbetter*, 82 AD3d 858, 858 [2011], *lv denied* 17 NY3d 702 [2011]; *see generally People v Andrychuk*, 38 AD3d 1242, 1243-1244 [2007], *lv denied* 8 NY3d 816 [2007]). We also reject defendant's contention that the court abused its

discretion in declining to grant him a further downward departure to a level one risk (*see People v Busby*, 60 AD3d 1455, 1456 [2009]; *People v Suarez*, 52 AD3d 423, 423-424 [2008], *lv denied* 11 NY3d 710 [2008]; *see generally People v Gillotti*, 23 NY3d 841, 861 [2014]). "The departure to level two sufficiently addressed the mitigating factors cited by defendant" (*People v Billups*, 58 AD3d 425, 426 [2009], *lv denied* 12 NY3d 707 [2009]). Present—Whalen, P.J., Smith, Peradotto, NeMoyer and Scudder, JJ.