# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1141**
**KA 16-00076**
PRESENT: WHALEN, P.J., SMITH, PERADOTTO, NEMOYER, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                        MEMORANDUM AND ORDER

DONALD SCHWARTZ, DEFENDANT-APPELLANT.

---

JEREMY D. SCHWARTZ, BUFFALO, FOR DEFENDANT-APPELLANT.

NIAGARA COUNTY DISTRICT ATTORNEY'S OFFICE, LOCKPORT (LAURA T. BITTNER OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from an order of the Niagara County Court (Sara Sheldon, J.), dated November 10, 2015. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*). County Court determined that defendant was a presumptive level three risk by applying the automatic override for a psychological abnormality "that decreases his ability to control impulsive sexual behavior" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006]), and then granted him a downward departure to a level two risk. Contrary to defendant's contention, the court's conclusion that the override applies based on his diagnosis of pedophilia is supported by clear and convincing evidence (*see People v Cobb*, 141 AD3d 1174, 1175; *People v Ledbetter*, 82 AD3d 858, 858, *lv denied* 17 NY3d 702; *see generally People v Andrychuk*, 38 AD3d 1242, 1243-1244, *lv denied* 8 NY3d 816). We also reject defendant's contention that the court abused its discretion in declining to grant him a further downward departure to a level one risk (*see People v Busby*, 60 AD3d 1455, 1456; *People v Suarez*, 52 AD3d 423, 423-424, *lv denied* 11 NY3d 710; *see generally People v Gillotti*, 23 NY3d 841, 861). "The departure to level two sufficiently addressed the mitigating factors cited by defendant" (*People v Billups*, 58 AD3d 425, 426, *lv denied* 12 NY3d 707).

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court