# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

357

KA 15-02144

PRESENT: CENTRA, J.P., PERADOTTO, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

RYAN S. SMITH, DEFENDANT-APPELLANT.

PATRICIA M. MCGRATH, LOCKPORT, FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., SPECIAL PROSECUTOR, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

--------------------------------------------------------------------------------

Appeal from an order of the Niagara County Court (Sara S. Farkas, J.), dated November 30, 2015. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*). The evidence presented at the SORA hearing established that the underlying crimes included a home invasion-style armed robbery in which defendant and several men entered the home of an adult female and her two male children, ages 9 and 14. Defendant and the men entered the children's bedroom, pointed a gun at them and ordered them to stay put, and then proceeded to ransack the house while asking the female for information on the whereabouts of another individual. After the female told them where the other individual could be found, defendant and the men brought the children to the basement, bound their hands, arms and eyes with duct tape, and left the children there alone while they drove with the female to another residence, found and shot the other individual, and then absconded with a safe. County Court granted defendant's request for a downward departure to a level two risk from the presumptive level three risk recommended by the Board of Examiners of Sex Offenders (Board), but the court declined to grant a further departure to a level one risk. We affirm.

Contrary to defendant's contention, the undisputed absence of a sexual component to his crime was already taken into account in defendant's risk assessment instrument in which the Board assessed zero points under risk factor 2, based on his lack of sexual contact with the victims (*see People v Howard*, 27 NY3d 337, 342). Even assuming, arguendo, that defendant proved the existence of other

mitigating factors, we conclude that the court did not abuse its discretion in determining that a further departure was not warranted under the totality of the circumstances, particularly considering the egregious nature of the underlying offense (*see e.g. id.* at 339, 342-343).  Upon our review of the record, we conclude that " '[t]he departure to level two sufficiently addressed the mitigating factors cited by defendant' " (*People v Schwartz*, 145 AD3d 1548, 1549).

Entered:  March 24, 2017                        Frances E. Cafarell
                                                Clerk of the Court