People v Hoffman (2018 NY Slip Op 03040)





People v Hoffman


2018 NY Slip Op 03040


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., DEJOSEPH, CURRAN, AND WINSLOW, JJ.


576 KA 16-00662

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAVID C. HOFFMAN, DEFENDANT-APPELLANT. 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (MARK C. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (JASON A. MACBRIDE OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Ontario County Court (William F. Kocher, J.), dated December 3, 2014. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by determining that defendant is a level one risk pursuant to the Sex Offender Registration Act and as modified the order is affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.). Contrary to defendant's contention, the 10 points assessed under risk factor 15, for an inappropriate living situation, are supported by clear and convincing evidence because the presentence report establishes that defendant resided with his 19-year-old stepdaughter and her child (see People v Di John, 48 AD3d 1302, 1303 [4th Dept 2008]).
As the People correctly concede, County Court erred in assessing 30 points under risk factor 5, for the age of the victim. Defendant pleaded guilty in 2014 to, inter alia, five counts of sexual abuse in the first degree (Penal Law § 130.65 [1]) involving a victim who was 13 or 14 years old. Thus, defendant should have been assessed only 20 points under risk factor 5 (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 2, 11 [2006]). Instead, the court assessed 30 points against defendant based on a 2002 determination by Family Court that he had sexually abused the same victim when she was approximately four years old. That was error.
Although a court making a SORA determination "is not limited to considering defendant's current conviction" (People v Sincerbeaux, 27 NY3d 683, 688-689 [2016]; see People v Vasquez, 149 AD3d 1584, 1585 [4th Dept 2017], lv denied 29 NY3d 916 [2017]), we note that the purpose of risk factor 5 is to assess points based on matters involving the "Current Offense[s]," i.e., "on the basis of all of the crimes that were part of the instant disposition" (Risk Assessment Guidelines and Commentary at 5). The People's concession of this issue on appeal is based on the fact that there is no clear and convincing evidence that the conduct underlying the 2002 determination constitutes part of the current offenses. Reducing the points assessed for risk factor 5 from 30 points to 20 points results in a total of 70 points on the risk assessment instrument. Defendant is therefore a level one risk, and we modify the order accordingly.
The People contend that the court should have granted an upward departure to a level three risk based on the prior events underlying the 2002 determination of sexual abuse. That contention is not properly before us, however, in the absence of a cross appeal by the People (see People v Aldrich, 56 AD3d 1228, 1229 [4th Dept 2008]).
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court