People v Eisenberg (2019 NY Slip Op 02365)





People v Eisenberg


2019 NY Slip Op 02365


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
HECTOR D. LASALLE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-00962

[*1]People of State of New York, respondent,
v
Michael Eisenberg, appellant.


Robert Schuster, Mt. Kisco, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Christine DiSalvo and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Westchester County (Susan Cacace, J.), entered October 20, 2017, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of promoting a sexual performance by a child and possessing an obscene sexual performance by a child. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), at which the defendant sought a downward departure from his presumptive level three sex offender designation as determined by the Supreme Court, the court designated the defendant a level three sex offender. The defendant appeals.
Contrary to the defendant's contention, the Supreme Court sufficiently "set[ ] forth its determinations and the findings of fact and conclusions of law on which the determinations [were] based" (Correction Law § 168-n[3]; see People v Young, 108 AD3d 1232, 1233).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see SORA: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter SORA Guidelines]; People v Gillotti, 23 NY3d 841, 861). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Although a response to treatment may qualify as a ground for a downward departure where the response is exceptional (see SORA Guidelines at 17; People v Santiago, 137 AD3d 762, 764), here, the defendant failed to establish by a preponderance of the evidence that his response to treatment was exceptional (see People v Whitney, 168 AD3d 776; People v Dyson, 130 AD3d 600, [*2]600-601).
The defendant's remaining contention regarding other factors in support of his request for a downward departure is unpreserved for appellate review, as he failed to raise those factors at the SORA hearing (see People v Uphael, 140 AD3d 1143, 1144-1145). In any event, that contention is without merit.
MASTRO, J.P., LASALLE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court