People v DeSoto (2020 NY Slip Op 01941)





People v DeSoto


2020 NY Slip Op 01941


Decided on March 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2018-09310

[*1]People of State of New York, respondent,
v
Thomas DeSoto, appellant.


Janet E. Sabel, New York, NY (Nancy E. Little of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Nancy Fitzpatrick Talcott, and Antara D. Kanth of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Barry A. Schwartz, J.), dated January 30, 2018, which, after a hearing, granted his petition pursuant to Correction Law § 168-o(2) to modify his risk level classification under Correction Law article 6-C only to the extent of designating him a level two sex offender.
ORDERED that the order is affirmed, without costs or disbursements.
In November 2007, after a hearing, the defendant was designated a level three sex offender under the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA). Thereafter, in February 2017, the defendant petitioned pursuant to Correction Law § 168-o to modify his risk level classification from a risk level three to risk level one. At the Supreme Court's request, the Board of Examiners of Sex Offenders (hereinafter the Board) provided an updated recommendation for the defendant's risk level, in which it recommended a reduction to a level two classification on the basis that the defendant had complied with SORA and postrelease supervision, completed a sex offender treatment program following his release from incarceration 10 years earlier, and been law-abiding since his release. The defendant submitted a forensic-psychiatric evaluation in which he was found to present a low risk of sexual reoffense, and the evaluator recommended that the defendant's SORA risk level be reduced to level one. Following a hearing, the Supreme Court granted the petition only to the extent of designating the defendant a level two sex offender. The defendant appeals.
Correction Law § 168-o(2) permits a sex offender required to register pursuant to SORA to petition annually for modification of his or her risk level classification (see People v Lashway, 25 NY3d 478, 483; People v Charles, 162 AD3d 125, 140; People v McClinton, 153 AD3d 738, 739). The sex offender petitioning for such relief "bears the burden of proving the facts supporting a requested modification by clear and convincing evidence" (People v Lashway, 25 NY3d at 483; see Correction Law § 168-o[2]; People v Charles, 162 AD3d at 140; People v McClinton, 153 AD3d at 739).
Here, the record supports the Supreme Court's conclusion that the defendant failed to establish, by clear and convincing evidence, facts warranting a modification of his existing risk level classification from level three to level one (see People v Falcon, 172 AD3d 1116, 1117; People v Charles, 162 AD3d at 140-141; People v McClinton, 153 AD3d at 740). Although the defendant [*2]has not reoffended for more than 10 years since his release from prison, has had positive educational and therapeutic accomplishments, and is advanced in age, these factors are outweighed by the extreme seriousness and nature of the underlying offenses (see People v Hegazy, 170 AD3d 899, 900; People v Charles, 162 AD3d at 141; People v Johnson, 124 AD3d 495, 496).
Accordingly, the Supreme Court providently exercised its discretion in declining to reduce the defendant's risk level to level one.
BALKIN, J.P., LEVENTHAL, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court