People v Miller (2020 NY Slip Op 04694)





People v Miller


2020 NY Slip Op 04694


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND CURRAN, JJ.


499 KA 19-00487

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JEFFREY MILLER, DEFENDANT-APPELLANT. 






ANDREW D. CORREIA, PUBLIC DEFENDER, LYONS (BRIDGET L. FIELD OF COUNSEL), FOR DEFENDANT-APPELLANT. 
MICHAEL D. CALARCO, DISTRICT ATTORNEY, LYONS, FOR RESPONDENT. 


 Appeal from an order of the Wayne County Court (John B. Nesbitt, J.), dated December 31, 2018. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.). In August 1994 in the State of Virginia, defendant was convicted following his plea of guilty of rape (Va Code Ann § 18.2-61) and malicious wounding (§ 18.2-51), after his conviction following a trial of those crimes (criminal trial) was reversed based on prosecutorial misconduct. Defendant had attacked his sister's roommate with a tire iron, raped her, and then forced her to dress, kneel, and lean over, whereupon he began striking the back of her head with the tire iron.
We reject defendant's contention that County Court abused its discretion in assessing points against him under risk factors 7, 12, and 13 of the risk assessment instrument (RAI). The court properly assessed 20 points under risk factor 7 inasmuch as the People established by clear and convincing evidence that defendant and the victim had met only the day before the offenses, had only brief interactions, and thus were strangers (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 12 and n 8 [2006] [Guidelines]; see also People v Lewis, 178 AD3d 864, 865 [2d Dept 2019], lv denied 35 NY3d 902 [2020]; People v Mabee, 69 AD3d 820, 820 [2d Dept 2010], lv denied 15 NY3d 803 [2010]). Indeed, defendant did not even know the victim's name and referred to her in his criminal trial testimony as "the girl" and "that girl" (see People v Middlemiss, 153 AD3d 1096, 1097 [3d Dept 2017], lv denied 30 NY3d 906 [2017]). The court also properly assessed 10 points under risk factor 12 because the People presented clear and convincing evidence that defendant later claimed that the sexual activity with the victim was consensual and that he was not responsible for his actions because he was overcome with an irresistible impulse to harm the victim (see generally Correction Law § 168-n [3]; People v Havens, 144 AD3d 1632, 1633 [4th Dept 2016], lv denied 29 NY3d 901 [2017]; People v Kyle, 64 AD3d 1177, 1178 [4th Dept 2009], lv denied 13 NY3d 709 [2009]). Additionally, the court properly assessed 10 points under risk factor 13. The People established that defendant's behavior while being supervised on probation, including his probation violation for disobeying his probation officer's directive to refrain from contacting anyone at a volunteer organization from which defendant had been banned, was unsatisfactory (see generally People v Carlberg, 145 AD3d 1646, 1647 [4th Dept 2016]; People v Young, 108 AD3d 1232, 1233 [4th Dept 2013], lv denied 22 NY3d 853 [2013], rearg denied 22 NY3d 1036 [2013]). Consequently, we conclude that the court properly assessed 110 points on defendant's RAI, making him a presumptive level three risk.
Contrary to defendant's further contention, the People also established by clear and [*2]convincing evidence the applicability of the Guidelines' fourth override, i.e., that there has been "a clinical assessment that the offender has a psychological, physical, or organic abnormality that decreases his [or her] ability to control impulsive sexual behavior" (Guidelines at 4). During the criminal trial, defendant's expert psychiatrist testified that defendant suffered from an "organic mental syndrome" or "organic personality syndrome," which was the basis for defendant's defense of insanity due to an irresistible impulse. The psychiatrist's clinical assessment was corroborated by defendant's criminal trial testimony that he could not stop himself from committing the offenses against the victim. That override automatically results in a presumptive level three designation (see People v Lagville, 136 AD3d 1005, 1006 [2d Dept 2016]; see also People v Cobb, 141 AD3d 1174, 1175 [4th Dept 2016]; Guidelines at 3-4). We have examined defendant's remaining contention and conclude that it does not warrant modification or reversal of the order.
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court