People v Spencer (2021 NY Slip Op 04875)





People v Spencer


2021 NY Slip Op 04875


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


622 KA 19-02349

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KAVYIA A. SPENCER, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






NICHOLAS B. ROBINSON, PUBLIC DEFENDER, LOCKPORT (THERESA L. PREZIOSO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
BRIAN D. SEAMAN, DISTRICT ATTORNEY, LOCKPORT (LAURA T. JORDAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Niagara County Court (Sara Sheldon, J.), rendered October 7, 2019. The judgment convicted defendant upon his plea of guilty of rape in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals, in appeal No. 1, from a judgment convicting him upon his plea of guilty of rape in the third degree (Penal Law § 130.25 [1]). In appeal No. 2, he appeals from an order that determined him to be a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.). We affirm in each appeal.
In appeal No. 1, defendant contends that his waiver of the right to appeal is invalid and that his sentence is excessive. Initially, we note that, contrary to the People's assertion, "[i]t is well settled that this Court's sentence-review power may be exercised, if the interest of justice warrants, without deference to the sentencing court . . . , and that we may substitute our own discretion for that of a trial court which has not abused its discretion in the imposition of a sentence" (People v Colon, 192 AD3d 1567, 1570 [4th Dept 2021], lv denied 37 NY3d 955 [2021] [internal quotation marks omitted]; see People v Reid, 173 AD3d 1663, 1666 [4th Dept 2019]; People v Johnson, 136 AD3d 1417, 1418 [4th Dept 2016], lv denied 27 NY3d 1134 [2016]). Nevertheless, "[e]ven assuming, arguendo, that defendant's waiver of the right to appeal is invalid and thus does not preclude our review of [his] challenge to the severity of [his] sentence" (People v Baker, 158 AD3d 1296, 1296 [4th Dept 2018], lv denied 31 NY3d 1011 [2018]; see People v Bishop, 192 AD3d 1504, 1504 [4th Dept 2021], lv denied 36 NY3d 1118 [2021]; People v Alls, 187 AD3d 1515, 1515 [4th Dept 2020]), we conclude that the sentence is not unduly harsh or severe. Furthermore, again assuming, arguendo, that defendant's waiver of the right to appeal is invalid and thus does not preclude our review of his contentions concerning the denial of his request for youthful offender status, after applying the nine Cruickshank factors (People v Cruickshank, 105 AD2d 325, 334 [3d Dept 1985], affd 67 NY2d 625 [1986]; see People v Z.H., 192 AD3d 55, 58-61 [4th Dept 2020]; People v Keith B.J., 158 AD3d 1160, 1160 [4th Dept 2018]), we conclude that County Court did not abuse its discretion in refusing to grant defendant youthful offender status (see generally People v Macon, 169 AD3d 1439, 1440 [4th Dept 2019], lv denied 33 NY3d 978 [2019]), and we decline to exercise our discretion in the interest of justice to adjudicate defendant a youthful offender (see People v Kocher, 116 AD3d 1301, 1301-1303 [3d Dept 2014]; see generally People v Rice, 175 AD3d 1826, 1826 [4th Dept 2019], lv denied 34 NY3d 1132 [2020]).
In appeal No. 2, defendant contends that the court erred in assessing points under risk factors 11 and 13. We reject that contention. With respect to risk factor 11, a SORA court may assess 15 points if the defendant "has a substance abuse history or was abusing drugs . . . or [*2]alcohol at the time of the offense" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15 [2006] [Guidelines]). Here, the People established, by the requisite clear and convincing evidence (see People v Mingo, 12 NY3d 563, 571 [2009]; see generally Correction Law § 168-n [3]), that defendant was intoxicated at the time of the crime and that he admittedly was using alcohol to excess during the college semester during which the crime occurred. Thus, the court properly assessed 15 points under risk factor 11 (see People v McClendon, 175 AD3d 1329, 1330 [2d Dept 2019], lv denied 34 NY3d 910 [2020]; see generally People v Williamson, 181 AD3d 1100, 1101 [3d Dept 2020]).
Furthermore, contrary to defendant's contention, risk factor 13, which concerns conduct while confined or under supervision (see Guidelines at 16), permits the assessment of points for, insofar as relevant here, "defendant's behavior while being supervised on probation" (People v Miller, 186 AD3d 1095, 1097 [4th Dept 2020], lv denied 36 NY3d 903 [2020]; see People v Young, 108 AD3d 1232, 1233 [4th Dept 2013], lv denied 22 NY3d 853 [2013], rearg denied 22 NY3d 1036 [2013]). Here, the People established by clear and convincing evidence that defendant's conduct while on interim probation was unsatisfactory.
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court