People v Gould (2025 NY Slip Op 03592)

People v Gould

2025 NY Slip Op 03592

Decided on June 11, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 11, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JANICE A. TAYLOR
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2023-03843
2023-08288

[*1]The People of the State of New York, respondent,
v
Leonard J. Gould, appellant.

Jacqueline M. H. Bukowski, New York, NY, for appellant.
Melinda Katz, Special District Attorney, Kew Gardens, NY (Johnnette Traill of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant from (1) an order of the Supreme Court, Westchester County (Susan Cacace, J.), dated March 8, 2023, and (2) an order of the same court dated August 21, 2023. The order dated March 8, 2023, granted the defendant's petition pursuant to Correction Law § 168-o(2) to modify his risk level classification under Correction Law article 6-C only to the extent of designating him a level two sex offender. The order dated August 21, 2023, insofar as appealed from, in effect, upon reargument, adhered to the prior determination in the order dated March 8, 2023, granting the defendant's petition pursuant to Correction Law § 168-o(2) to modify his risk level classification under Correction Law article 6-C only to the extent of designating him a level two sex offender.
ORDERED that the appeal from the order dated March 8, 2023, is dismissed, without costs or disbursements, as that order was superseded by the order dated August 21, 2023, made, in effect, upon reargument; and it is further,
ORDERED that the order dated August 21, 2023, is affirmed insofar as appealed from, without costs or disbursements.
In September 2006, the defendant was designated a level three sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA). In September 2022, the defendant filed a petition pursuant to Correction Law § 168-o(2) for a downward modification of his risk level classification from level three to level one. Following a hearing, the Supreme Court granted the petition only to the extent of designating the defendant a level two sex offender. The defendant moved, inter alia, for leave to reargue his petition. In an order dated August 21, 2023, the court, in effect, upon reargument, adhered to its original determination. The defendant appeals.
Correction Law § 168-o(2) permits a sex offender required to register pursuant to SORA to petition annually for modification of the offender's risk level classification (see People v Lashway, 25 NY3d 478, 483). The sex offender "bear[s] the burden of proving the facts supporting the requested modification by clear and convincing evidence" (Correction Law § 168-o[2]; see People v Lashway, 25 NY3d at 483).
Here, the defendant failed to establish, by clear and convincing evidence, facts warranting a modification of his existing risk level classification from level three to level one (see People v DeSoto, 181 AD3d 835, 836; People v Falcon, 172 AD3d 1116, 1117; People v Charles, 162 AD3d 125, 140-141). Although the defendant has not reoffended for more than 15 years since his release from prison, and has had positive professional and therapeutic accomplishments, these factors are outweighed by the nature of the underlying offense, the defendant's lengthy history of pedophilia, and that he committed a subsequent sex offense while on probation for the subject offense (see People v DeSoto, 181 AD3d at 836; People v Charles, 162 AD3d at 141). Contrary to the defendant's contention, the Supreme Court properly considered the defendant's admissions to an undercover law enforcement officer and to an evaluating psychologist that he had molested numerous male children in the past, as a court may consider reliable hearsay in rendering its SORA determination (see Correction Law § 168-n[3]; People v Mingo, 12 NY3d 563, 576-577; People v Jenkins, 34 AD3d 352; People v Seils, 28 AD3d 1158). Under the circumstances, the court providently exercised its discretion in granting the defendant's petition only to the extent of designating him a level two sex offender.
BRATHWAITE NELSON, J.P., TAYLOR, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court