People v Albanese (2025 NY Slip Op 07190)

People v Albanese

2025 NY Slip Op 07190

Decided on December 23, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: MONTOUR, J.P., SMITH, OGDEN, GREENWOOD, AND DELCONTE, JJ.

939 KA 25-00211

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOHN R. ALBANESE, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (GUY A. TALIA OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Supreme Court, Monroe County (Stephen T. Miller, A.J.), entered November 8, 2024. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.). We reject the contention of defendant that Supreme Court's assessment of 20 points against him under risk factor 4, continuing course of sexual misconduct, is not supported by clear and convincing evidence (see § 168-n [3]). "[I]t is well settled that . . . the hearing court is not limited to [consideration of] the crime of which defendant was convicted" (People v Gardiner, 92 AD3d 1228, 1229 [4th Dept 2012], lv denied 19 NY3d 801 [2012]; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 5 [2006]; § 168—n [3]; People v Callan, 62 AD3d 1218, 1218-1219 [3d Dept 2009]). Here, the court, which had presided over defendant's criminal proceeding, was entitled to take judicial notice of the presentence report (PSR) in determining the number of points to assess against defendant (see People v Byrd, 57 AD3d 442, 443 [1st Dept 2008], lv denied in part & dismissed in part 12 NY3d 795 [2009]; People v Wright, 53 AD3d 963, 964 [3d Dept 2008], lv denied 11 NY3d 710 [2008]; see generally § 168-n [3]). The PSR included the victim's allegations of a course of sexual misconduct by defendant and
defendant's corroborating admission to certain alleged acts of sexual misconduct (see People v Di John, 48 AD3d 1302, 1303 [4th Dept 2008]).
Entered: December 23, 2025
Ann Dillon Flynn
Clerk of the Court