■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS CRUZ, Appellant. [811 NYS2d 816]—

Kane, J. Appeal from an order of the County Court of Sullivan County (LaBuda, J.), entered January 6, 2005, which classified defendant a risk level III sex offender pursuant to the Sex Offender Registration Act.

In 1994, defendant pleaded guilty to two counts of rape in the third degree in satisfaction of a 10-count indictment related to sexual encounters with his teenage daughter. Upon his release from prison in 1999, defendant was classified a risk level III sex offender, but in 2004 he requested a rehearing in accordance with the stipulation in *Doe v Pataki* (3 F Supp 2d 456 [SD NY 1998]). After a rehearing, County Court departed from the presumptive level II in the risk assessment instrument (hereinafter RAI) and again classified defendant as a level III sex offender. Defendant appeals.

A court may make an upward departure from a presumptive risk level when, "after consideration of the indicated factors . . . there exists an aggravating or mitigating factor of a kind, or to a degree, not otherwise adequately taken into account by the [risk assessment] guidelines" (*Matter of O'Brien v State of N.Y. Div. of Probation & Correctional Servs.*, 263 AD2d 804, 805-806 [1999], *lv denied* 94 NY2d 758 [1999] [citation and internal quotation marks omitted]; *see People v Mount,* 17 AD3d 714, 715 [2005]; *People v Madlin,* 302 AD2d 751, 752 [2003]). Such a determination must be supported by the prosecution's presentation of clear and convincing evidence (*see* Correction Law § 168-n [3]; *People v Dort,* 18 AD3d 23, 24 [2005], *lv denied* 4 NY3d 885 [2005]), a standard of proof that may be satisfied by facts set forth in a case summary or presentence report (*see People v Dickison,* 24 AD3d 980 [2005], *lv denied* 6 NY3d 709 [2006]; *People v Hill,* 17 AD3d 715, 716 [2005]).

The People submitted their own version of the RAI which had a numerical rating 10 points higher than the original RAI.* The apparent reason for the higher rating was the People's belief,

---

* While the District Attorney's office has no statutory authority to submit an RAI—that task is relegated to the Board of Examiners of Sex Offenders (*see* Correction Law art 6-C)—in this case the People were required to prepare

disputed by defendant and not included in the 1999 RAI, that defendant's crime involved forcible compulsion. The record lacks proof that forcible compulsion was involved; the presentence report only notes that some of the counts dismissed as part of defendant's plea agreement charged that he used force. Without any recitation of the facts upon which it was basing its conclusion (*see* Correction Law § 168-n [3]), County Court found that the People's numerical rating was correct, placing defendant at the top number within level II. The court then determined that it was appropriate to deviate from that presumptive classification due to an aggravating factor that was established in the record. Based on the People's failure to prove that forcible compulsion was involved in defendant's crime, the numerical rating in the 1999 RAI should have been accepted as the presumptive rating. Because we cannot ascertain whether the court would have classified defendant as a level III sex offender if it had started from the correct numerical rating, we remit for a redetermination based on the 2004 hearing record. In such redetermination, the court shall set forth the facts it finds by clear and convincing evidence supporting any departure from the presumptive level in the 1999 RAI.

Cardona, P.J., Spain, Carpinello and Rose, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the County Court of Sullivan County for further proceedings not inconsistent with this Court's decision.

and submit a new RAI pursuant to the stipulation of settlement in *Doe v Pataki* (*supra*).