■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH PRICE, Appellant. [817 NYS2d 802]—

Appeal from an order of the Supreme Court, Erie County (Joseph S. Forma, J.), dated January 6, 2005. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: In 1987 defendant pleaded guilty to sexual abuse in the first degree (Penal Law § 130.65 [1]) and was sentenced to six months in jail with five years probation. Upon his release from jail, he was classified as a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*). In June 1991, he was sentenced to a term of 2⅓ to 7 years for violating his probation. Upon his re-release from prison in 2004, defendant requested a redetermination hearing in accordance with the stipulation of settlement in *Doe v Pataki* (96 Civ 1657 [DC]). After a redetermination hearing, Supreme Court again classified defendant as a level three sex offender. Defendant now appeals.

At the redetermination hearing, the People submitted a new version of the risk assessment instrument (RAI) with a numerical rating of 110, a level three presumptive risk. We reject defendant's contention that the People improperly prepared and submitted the new RAI. Indeed, they were required to do so pursuant to the stipulation of settlement in *Doe*. We agree with defendant, however, that the People erred in assessing 15 points for risk factor 9, "Number and nature of prior crimes." The crime considered by the People in assessing those points was

not a prior crime, and reducing the total risk factor score by 15 points results in a presumptive risk level classification of level two. Although the court was entitled to consider that crime in determining whether the People established a basis for an upward departure from the presumptive risk level, i.e., if the commission of that crime "provides reason to believe that the offender poses an increased risk to public safety" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 14 [Nov. 1997]), we are unable to determine from the record whether the court did so here. Pursuant to the stipulation of settlement in *Doe,* the court was required to "render an order setting forth its determination, and the findings of fact and conclusions of law on which the determination is based [, and the court] should address the extent, if any, to which [defendant's] behavior since his or her initial registration makes the risk of reoffense more or less likely" (stipulation at ¶ 13). Instead, the court accepted the People's numerical rating and presumptive risk level despite the People's failure to establish the basis for the assessment of 15 points under risk factor 9. Because we are unable to determine on the record before us whether the court determined that the People established the basis for an upward departure from the presumptive risk level, we reverse the order and remit the matter to Supreme Court for a redetermination based on the redetermination hearing record and to set forth its findings of fact and conclusions of law (*see People v Cruz,* 28 AD3d 819 [2006]).

We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Kehoe, Gorski, Green and Pine, JJ.