■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MONROE GROSFELD, Appellant. [826 NYS2d 428]—

Appeal by the defendant from an order of the Supreme Court, Queens County (Spires, J.), dated March 7, 2006, which, after a hearing to redetermine the defendant's sex offender risk level pursuant to the stipulation of settlement in *Doe v Pataki* (3 F Supp 2d 456 [1998]), designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

In 1996 the defendant was designated a level three sex offender pursuant to a risk assessment instrument prepared by the Board of Examiners of Sex Offenders. The order appealed from re-examined the defendant's level three sex offender designation pursuant to the stipulation of settlement in *Doe v Pataki (supra)* (hereinafter the stipulation).

Paragraph 10 of the stipulation provides: "Applying the guidelines established under Correction Law § 168-*l* (5), the District Attorney will prepare a new Risk Assessment Instrument for each plaintiff and provides copies to the court, plaintiff and plaintiff's counsel at least thirty days (30) before the hearing. No plaintiff who has completed parole or probation shall be assessed points in the 'release environment' category for not be-

ing subject to supervision. The District Attorney will also provide to plaintiff's counsel all documents and materials upon which its risk assessment recommendation is based." Pursuant to the terms of the stipulation, the submission of the new risk assessment instrument by the People was mandatory (*see People v Cruz,* 28 AD3d 819 [2006]) and the court's reliance upon that instrument was proper (*see People v Price,* 31 AD3d 1114 [2006]). The stipulation does not require resubmission of the original risk assessment instrument. Therefore, the defendant's contention that the hearing should not have commenced until he was provided with the original risk assessment instrument prepared in 1996 is without merit.

Contrary to the defendant's contention, he was properly assessed 20 points based upon his relationship with his victims. Two of his victims were school friends of his stepdaughter with whom he cultivated a relationship and promised their induction into a "secret family" to induce them to engage in sexual activity (*see People v Carlton,* 307 AD2d 763, 764 [2003]).

There are no special circumstances in this case which would warrant a downward departure from the presumptive risk assessment (*see People v Guaman,* 8 AD3d 545 [2004]; *People v Abdullah,* 31 AD3d 515 [2006]). Goldstein, J.P., Skelos, Lunn and Covello, JJ., concur.