■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL COSTELLO, Appellant. [826 NYS2d 429]—

Appeal by the defendant from so much of a judgment of the

Supreme Court, Queens County (Chin-Brandt, J.), rendered January 12, 2006, as, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the judgment is reversed insofar as appealed from, on the law and as a matter of discretion in the interest of justice, and the matter is remitted to the Supreme Court, Queens County, for a new hearing and, thereafter, a new determination on the issue of whether an upward departure from the defendant's presumptive risk level one classification is warranted.

We agree with the defendant that he was erroneously assessed, in the risk assessment instrument submitted by the People, a score of 20 points for engaging in a "continuing course of sexual misconduct" with the victim in the underlying offense. According to the Board of Examiners of Sex Offenders, a "continuing course of sexual misconduct" requires proof of "either (i) two or more acts of sexual contact, at least one of which is an act of sexual intercourse, deviate sexual intercourse, or aggravated sexual abuse, which acts are separate in time by at least 24 hours, or (ii) three or more acts of sexual contact over a period of at least two weeks" (Sex Offender Registration Act Risk Assessment Guidelines and Commentary, at 11 [Nov 1997]; see People v Whalen, 22 AD3d 900, 902 [2005]).

The "victim" in this case was a fictitious screen name used by an undercover detective posing as a 14-year-old male, who communicated with the defendant only through Internet chat rooms and via instant messaging. Because there was never any "sexual contact" (Penal Law § 130.00 [3]) between the defendant and the "victim," it follows that the defendant could not have engaged in a "continuing course of sexual misconduct" as contemplated by the guidelines. As a result, the defendant should have been assessed a total risk factor score of 70, not 90, thereby presumptively classifying him as a level one sex offender.

The People contend that an upward departure from the presumptive level one classification is nevertheless warranted in this case because of the existence of aggravating factors which are not otherwise taken into account by the guidelines (see People v Forney, 28 AD3d 446, 447 [2006], lv denied 7 NY3d 704 [2006]; People v Hammonds, 27 AD3d 441 [2006]). Because the Supreme Court's determination contains no findings of fact or conclusions of law (see Correction Law § 168-n [3]), we have no way of knowing whether it reached this issue.

On this record, however, we find that the People failed to offer any competent evidence in support of their contention.

Indeed, the only evidence tendered on the issue of aggravating factors consisted of a written notice signed by the prosecutor, supplemented by facts orally communicated to the court by the prosecutor at the hearing—in both instances without any supporting evidence. At no time, however, did the defendant object to the sufficiency of the People's proof, and so the issue is not preserved for our review. Moreover, had such an objection been made, the People may well have been able to correct the deficiency in their proof.

Under these unusual circumstances, remittal of the matter to the Supreme Court, Queens County, for a new hearing and, thereafter, a new determination on the issue of whether an upward departure from the defendant's presumptive risk level one classification, is warranted. Miller, J.P., Krausman, Fisher and Dillon, JJ., concur.