▬ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS R. FOLEY, SR., Appellant. [826 NYS2d 868]—

Appeal from an order of the Oneida County Court (Michael L. Dwyer, J.), entered October 6, 2005. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by determining that defendant is a level one risk pursuant to the Sex Offender Registration Act and as modified the order is affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level two risk under the Sex Offender Registration Act (Correction Law § 168 *et seq.*). The total risk factor score on the risk assessment instrument (RAI) prepared by the Board of Examiners of Sex Offenders (Board) resulted in the presumptive classification of defendant as a level one risk, but the Board recommended an upward departure to a level two risk. We agree with defendant that County Court erred in accepting the Board's recommendation. "A court may make an upward departure from a presumptive risk level when, 'after consideration of the indicated factors[,] . . . [the court determines that] there exists an aggravating or mitigating factor of a kind, or to a degree, not otherwise adequately taken into account by the [risk assessment] guidelines' " (*People v Cruz*, 28 AD3d 819,

819 [2006]; *see People v White,* 25 AD3d 677 [2006], *lv denied* 6 NY3d 715 [2006]; *People v Mount,* 17 AD3d 714, 715 [2005]). Here, the only factors cited by the Board and the court in justifying a departure from the presumptive risk level are factors for which defendant was assessed points in the RAI (*cf. People v O'Flaherty,* 23 AD3d 237 [2005], *lv denied* 6 NY3d 705 [2006]). We thus modify the order by determining that defendant is a level one risk. Present—Hurlbutt, J.P., Smith, Centra and Pine, JJ.