■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DION C. ABRAHAM, Appellant. [834 NYS2d 413]—

Appeal from an order of the Oneida County Court (Michael L.

Dwyer, J.), entered March 2, 2006. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk under the Sex Offender Registration Act (Correction Law § 168 *et seq.*). County Court's upward departure from the presumptive risk level in determining that defendant is a level three risk is supported by clear and convincing evidence (*see generally People v Seils*, 28 AD3d 1158 [2006], *lv denied* 7 NY3d 709 [2006]; *People v Ventura*, 24 AD3d 527 [2005], *lv denied* 6 NY3d 710 [2006]). "A court may make an upward departure from a presumptive risk level when, 'after consideration of the indicated factors[,] . . . [the court determines that] there exists an aggravating or mitigating factor of a kind, or to a degree, not otherwise adequately taken into account by the [risk assessment] guidelines' " (*People v Cruz*, 28 AD3d 819, 819 [2006]; *see Ventura*, 24 AD3d 527 [2005]; *People v Mount*, 17 AD3d 714, 715 [2005]). We agree with defendant that the second of the three factors upon which the court relied for the upward departure, i.e., the use of violence in the most recent offense, was already taken into account in the risk assessment instrument (*see People v Foley*, 35 AD3d 1240 [2006]; *Mount*, 17 AD3d at 715). Nevertheless, the remaining two factors upon which the court relied, i.e., defendant's repeated advances toward women and defendant's history of emotional problems, are sufficient aggravating factors that were not adequately taken into account in the risk assessment instrument (*see Ventura*, 24 AD3d 527 [2005]; *People v Girup*, 9 AD3d 913 [2004]). The evidence established that defendant entered the homes of two former girlfriends and stole their clothing after they made negative statements about him. In the most recent offense, defendant entered the home of a woman who had refused to talk to him and sexually abused her. The evidence also established that defendant had a history of emotional problems that was causally related to a risk of reoffense (*cf. People v Zehner*, 24 AD3d 826, 827 [2005]). We therefore conclude that the court's upward departure from the presumptive risk level was proper. Present—Hurlbutt, J.P., Martoche, Smith, Centra and Peradotto, JJ.