1302

 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY R. HOWE, Appellant. [856 NYS2d 320]—

Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*), defendant contends that County Court's upward departure from his presumptive risk level as a level two risk is not supported by clear and convincing evidence. We reject that contention (*see People v Gandy*, 35 AD3d 1163 [2006]; *People v Seils*, 28 AD3d 1158 [2006], *lv denied* 7 NY3d 709 [2006]). "A court may make an upward departure from a presumptive risk level when, 'after consideration of the indicated factors . . .[,] there exists an aggravating or mitigating factor of a kind, or to a degree, not otherwise adequately taken into account by the [risk assessment] guidelines' " (*People v Cruz*, 28 AD3d 819, 819 [2006]; *see People v Foley*, 35 AD3d 1240 [2006]). We agree with defendant that the court erred in considering his "chronic alcoholism" as a factor supporting the upward departure from the presumptive risk level because that factor was already taken into account by the risk assessment instrument (*see People v Abraham*, 39 AD3d 1208, 1209 [2007]; *People v Foley*, 35 AD3d 1240 [2006]). Nevertheless, we conclude that the court properly relied upon the case summary prepared by the Board of Examiners of Sex Offenders, which constitutes reliable hearsay (*see People v Roman*, 41 AD3d 1288 [2007], *lv denied* 9 NY3d 809 [2007]), together with the facts of the underlying conviction and defendant's prior history of child sexual abuse, in determining that an upward departure to a level three risk was warranted (*see* Correction Law § 168-*l* [6] [c]; § 168-n [3]). Present—Martoche, J.P., Smith, Peradotto, Pine and Gorski, JJ.