■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGGIE SMITH, Appellant. [912 NYS2d 225]—

Appeal by the defendant from an order of the Supreme Court, Richmond County (Meyer, J.), dated October 7, 2008, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The defendant was initially assessed a total risk factor of 70 points by the New York State Board of Sex Examiners (hereinafter the Board), thereby presumptively classifying him as a level one sex offender. However, the Board recommended an upward departure to level three. Thereafter, and as the People correctly concede, the hearing court erroneously assessed the defendant an additional 20 points for engaging in a "continuing course of sexual misconduct" (*see People v Costello*, 35 AD3d 754, 755 [2006]; *People v Madlin*, 302 AD2d 751 [2003]).

Nevertheless, both the recommendation by the Board and the conclusion of the hearing court to upwardly depart from the presumptive classification and designate the defendant as a level three sex offender was justified. "A departure from the presumptive risk level is warranted where 'there exists an aggravating or mitigating factor of a kind or to a degree not otherwise adequately taken into account by the guidelines' " (*People v Bowens*, 55 AD3d 809, 810 [2008], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006]; *see People v White*, 25 AD3d 677 [2006]). Here, the record discloses that there was clear and convincing evidence of such aggravating factors, including the fact that the defendant applied for a daycare provider license during the period of time that he committed one of the charged sex abuse acts (*see People v Mantilla*, 70 AD3d 477, 478 [2010]; *People v Hill*, 50 AD3d 990 [2008]).

Accordingly, in light of the foregoing, even without considering the assessment of an additional 20 points for a continuing course of sexual misconduct, the defendant was properly adjudicated a level three risk offender (*see People v Fiol*, 49 AD3d 834, 835 [2008]; *People v Thornton*, 34 AD3d 1026 [2006]; *People v Kwiatkowski*, 24 AD3d 878 [2005]). Dillon, J.P., Angiolillo, Hall and Roman, JJ., concur.