# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1365**
**KA 11-01669**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

CHRISTOPHER ZIMMERMAN, DEFENDANT-APPELLANT.

---

ROBERT M. PUSATERI, CONFLICT DEFENDER, LOCKPORT (EDWARD P. PERLMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (LAURA T. BITTNER OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Niagara County Court (Matthew J. Murphy, III, J.), dated August 1, 2011. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk under the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq*.). Contrary to defendant's contention, County Court properly assessed 15 points for his history of drug or alcohol abuse as recommended in the risk assessment instrument prepared by the Board of Examiners of Sex Offenders. The court's determination to accept that recommendation is supported by the requisite clear and convincing evidence (*see generally* § 168-n [3]), including defendant's admission of drug and alcohol use as set forth in the presentence report and in his initial statement to the police (*see People v Mundo*, 98 AD3d 1292, 1292; *People v Longtin*, 54 AD3d 1110, 1111, *lv denied* 11 NY3d 714).

Contrary to the further contention of defendant, the court properly granted the People's request for an upward departure from the presumptive level two risk based on his score on the risk assessment instrument and assessed him as a level three risk. An upward departure is warranted where, as here, " 'there exists an aggravating . . . factor of a kind, or to a degree, not otherwise adequately taken into account by the [risk assessment] guidelines' " (*People v McCollum*, 41 AD3d 1187, 1188, *lv denied* 9 NY3d 807; *see People v Perrah*, 99 AD3d 1257, 1257). The court properly relied upon the facts of the underlying conviction, which involved sexual acts with children in a park during the daytime, and defendant's prior history of sexual

acts with children, in determining that an upward departure to a level three risk was warranted (*see* Correction Law §§ 168-*l* [6] [c]; 168-n [3]; *People v Howe*, 49 AD3d 1302, 1302).

Entered:  December 21, 2012                    Frances E. Cafarell
                                               Clerk of the Court