# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**610**

**KA 13-01849**

PRESENT: SMITH, J.P., CARNI, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ALAN D. TIDD, SR., DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF COUNSEL), FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Genesee County Court (Robert C. Noonan, J.), entered September 13, 2013. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*), defendant contends that County Court's upward departure from his presumptive classification as a level one risk is not supported by clear and convincing evidence. We reject that contention. "The court's discretionary upward departure [to a level three risk] was based on clear and convincing evidence of aggravating factors to a degree not taken into account by the risk assessment instrument" (*People v Sherard*, 73 AD3d 537, 537, *lv denied* 15 NY3d 707; *see People v Howe*, 49 AD3d 1302, 1302). Statements in a presentence report and case summary constitute "reliable hearsay" upon which a court may properly rely in making an upward departure (§ 168-n [3]; *see People v Mingo*, 12 NY3d 563, 572-573) and, here, the court premised its upward departure on information contained in those documents, including evidence of the number of victims whom defendant sexually abused, the lengthy period over which defendant committed that sexual abuse, defendant's lack of "insight into his offending," and the risk of recidivism. Finally, we reject defendant's further contention that he was deprived of effective assistance of counsel (*see People v Russell*, 115 AD3d 1236, 1236).

Entered: May 8, 2015                              Frances E. Cafarell
                                                  Clerk of the Court