■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOMMASO DILILLO, Appellant. [40 NYS3d 440]—

Appeal by the defendant from an order of the Supreme Court, Kings County (DiMango, J.), dated October 22, 2012, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs.

In this proceeding pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C; hereinafter SORA), after a hearing, the Supreme Court determined that the defendant was a presumptive level two sex offender based on the defendant's total score on the risk assessment instrument prepared by the Board of Examiners of Sex Offenders, which assessed him 100 points for risk factors including continuing course of sexual misconduct, the relationship between the defendant and the victim, and history of drug and alcohol abuse. However, the court determined that an upward departure from the presumptive risk level was warranted under the circumstances. Accordingly, in the order appealed from, the court upwardly departed from the presumptive risk level and designated the defendant a level three sex offender. On appeal, the defendant contends that the court should not have assessed 55 of the 100 points, and that the People failed to sustain their burden of establishing the existence of aggravating factors warranting an upward departure from the presumptive risk level.

Contrary to the defendant's contention, clear and convincing evidence supports the Supreme Court's determination to assess him 15 points under risk factor eleven (history of drug or alcohol abuse) (*see People v Ologbonjaiye*, 109 AD3d 804 [2013]; *People v Quinn*, 99 AD3d 776 [2012]; *see also People v Jackson*, 134 AD3d 1580 [2015]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [hereinafter Guidelines] at 15 [2006]). Similarly, the defendant was properly assessed

20 points under risk factor seven (relationship with victim), since the evidence demonstrated that the defendant established a relationship with the victim for the purpose of victimizing her (*see People v Mollenkopf*, 54 AD3d 1136, 1137 [2008]; *People v Grosfeld*, 35 AD3d 692, 693 [2006]).

However, the Supreme Court erred in assessing 20 points under risk factor four (continuing course of sexual misconduct). In order to find that the defendant engaged in a "continuing course of sexual misconduct," as defined under the Guidelines, the People were required to establish, by clear and convincing evidence, that the defendant engaged in "two or more acts of sexual contact, at least one of which is an act of sexual intercourse, oral sexual conduct, anal sexual conduct, or aggravated sexual contact, which acts are separated in time by at least 24 hours" (Guidelines at 10). Here, it is undisputed that the defendant and the victim engaged in only one act of sexual intercourse, and thus, his conduct does not meet the definition under the Guidelines of a continuing course of sexual misconduct (*see People v S.G.*, 4 Misc 3d 563 [Sup Ct, NY County 2004]; *see also People v Costello*, 35 AD3d 754 [2006]). After deducting the points assigned under this risk factor, the defendant scored a total of 80 points, which still presumptively placed him at level two.

We agree with the Supreme Court that an upward departure was justified in this case. A departure from the presumptive risk level is warranted where " 'there exists an aggravating or mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines' " (*People v Wyatt*, 89 AD3d 112, 119 [2011], quoting Guidelines at 4; *see People v Gillotti*, 23 NY3d 841, 861 [2014]). Here, the record discloses that there was clear and convincing evidence of an aggravating factor in that the defendant threatened the victim in order to compel her to work as a prostitute (*see People v Duart*, 84 AD3d 908 [2011]; *People v Smith*, 78 AD3d 805 [2010]). Accordingly, the defendant was properly designated a level three sex offender. Balkin, J.P., Austin, Sgroi and Duffy, JJ., concur.