People v Dilillo (2018 NY Slip Op 04578)





People v Dilillo


2018 NY Slip Op 04578


Decided on June 20, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 20, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2014-00984

[*1]People of State of New York, respondent,
v
Lisa Dilillo, appellant.


Paul Skip Laisure, New York, NY (Golnaz Fakhimi of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Kenneth Blake of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Patricia DiMango, J.), dated January 23, 2014, which, after a hearing, designated her a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, without costs or disbursements, and the defendant is designated a level two sex offender.
The defendant was convicted, upon her plea of guilty, of sex trafficking. Following a hearing to determine the defendant's risk level under the Sex Offender Registration Act (see Correction Law art 6-C), the Supreme Court assessed a total of 110 points under the risk assessment instrument (hereinafter RAI), and designated her a level three sex offender. On appeal, the defendant challenges the assessment of points under certain risk categories.
"[P]oints in the RAI should not be assessed for a factor . . . unless there is clear and convincing evidence of the existence of that factor'" (People v Pettigrew, 14 NY3d 406, 408, quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006; hereinafter the Guidelines]). "The People bear the burden of proving the facts supporting the determinations' by clear and convincing evidence" (People v Pettigrew, 14 NY3d at 408, quoting Correction Law § 168-n[3]).
Here, the defendant challenges the assessment of 20 points, under risk factor 4, for engaging in a continuing course of sexual misconduct. In order to find that the defendant engaged in a continuing course of sexual misconduct, the People were required to establish, by clear and convincing evidence, that the defendant engaged in "two or more acts of sexual contact, at least one of which is an act of sexual intercourse, oral sexual conduct, anal sexual conduct, or aggravated sexual contact, which acts are separated in time by at least 24 hours"; or "three or more acts of sexual contact over a period of at least two weeks" (Guidelines at 10; see People v Dilillo, 143 AD3d 960, 961; People v Costello, 35 AD3d 754, 755). Here, as the People correctly concede, since there was never any sexual contact between the defendant and the victim, the defendant's conduct did not meet the definition of a continuing course of sexual misconduct (see People v Dilillo, 143 AD3d at 961; People v Costello, 35 AD3d at 755). Deduction of the 20 points assessed under risk factor 4 reduces the defendant's risk designation from a level three, to a level two, sex offender.
Contrary to the defendant's contention, she was properly assessed points under risk factor 7, "since the evidence demonstrated that the defendant established a relationship with the victim for the purposes of victimizing her" (People v Dilillo, 143 AD3d at 961). Further, the defendant was properly assessed 10 points, under risk factor 13, for unsatisfactory conduct while confined because the People proved, by clear and convincing evidence, that the defendant committed numerous tier two and tier three disciplinary infractions of a serious nature while in prison (see Guidelines at 16; People v Graves, 121 AD3d 959, 959-960; People v Crandall, 90 AD3d 628). However, we disagree with the Supreme Court's determination to assess an additional 10 points, under risk factor 13, for unsatisfactory conduct while confined, including sexual misconduct. Under the circumstances of this case, the "physical contact" in which the defendant engaged in prison (7 NYCRR 270.2[B][2][iv]) did not constitute "inappropriate sexual behavior" for the purposes of risk factor 13, and was not relevant to the defendant's potential for recidivism (Guidelines, risk factor 13; cf. People v Littles, 155 AD3d 979; cf. also People v Lawson, 90 AD3d 1006, 1007).
Nevertheless, this deduction of 10 points still leaves the defendant with a remaining score that places him in the category of a level 2 sex offender.
MASTRO, J.P., LEVENTHAL, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court