People v Armstrong (2018 NY Slip Op 07604)





People v Armstrong


2018 NY Slip Op 07604


Decided on November 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CARNI, CURRAN, TROUTMAN, AND WINSLOW, JJ.


1167 KA 17-01483

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MORICE E. ARMSTRONG, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Monroe County Court (Victoria M. Argento, J.), entered June 6, 2017. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.), defendant contends that County Court erred in granting the People's request for an upward departure. We reject that contention. "A court may make an upward departure from a presumptive risk level when, after consideration of the indicated factors[,] . . . [the court determines that] there exists an aggravating . . . factor of a kind, or to a degree, not otherwise adequately taken into account by the [risk assessment] guidelines" (People v Abraham, 39 AD3d 1208, 1209 [4th Dept 2007] [internal quotation marks omitted]). Here, the People established by clear and convincing evidence the existence of numerous aggravating factors not adequately taken into account by the risk assessment guidelines, including the violent manner in which defendant committed a prior felony sex offense, the level of violence and threats employed during the present case, and the fact that defendant committed the present offense while already a level two sex offender (see People v Shim, 139 AD3d 68, 76-77 [2d Dept 2016], lv denied 27 NY3d 910 [2016]; People v O'Flaherty, 23 AD3d 237, 237 [1st Dept 2005], lv denied 6 NY3d 705 [2006]).
Entered: November 9, 2018
Mark W. Bennett
Clerk of the Court