People v Coon (2020 NY Slip Op 03302)





People v Coon


2020 NY Slip Op 03302


Decided on June 12, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, WINSLOW, BANNISTER, AND DEJOSEPH, JJ.


204 KA 19-00216

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JEFFREY COON, DEFENDANT-APPELLANT. 






DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (JOSEPH G. FRAZIER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
CAROLINE A. WOJTASZEK, DISTRICT ATTORNEY, LOCKPORT (LAURA T. JORDAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Niagara County Court (Sara Sheldon, J.), entered February 7, 2019. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.), defendant contends that County Court erred in granting an upward departure from his recalculated presumptive classification as a level two risk to a level three risk. We reject that contention.
It is well settled that when the People establish, by clear and convincing evidence (see Correction Law § 168-n [3]), the existence of aggravating factors that are "as a matter of law, of a kind or to a degree not adequately taken into account by the [risk assessment] guidelines," a court "must exercise its discretion by weighing the aggravating and [any] mitigating factors to determine whether the totality of the circumstances warrants a departure" from a sex offender's presumptive risk level (People v Gillotti, 23 NY3d 841, 861 [2014]; see People v Sincerbeaux, 27 NY3d 683, 689-690 [2016]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]).
Here, the People established by clear and convincing evidence the existence of aggravating factors not adequately taken into account by the risk assessment guidelines, including the quantity and nature of the child pornography found in defendant's possession that underlies his current offense, i.e., images and videos depicting sadomasochistic acts and bestiality (see People v Tatner, 149 AD3d 1595, 1595-1596 [4th Dept 2017], lv denied 29 NY3d 916 [2017]; People v McCabe, 142 AD3d 1379, 1380 [4th Dept 2016]), and his prior history of sexual misconduct with at least one child (see People v Zimmerman, 101 AD3d 1677, 1678 [4th Dept 2012]). Contrary to defendant's contention, the statements in the presentence report and case summary constitute "reliable hearsay" upon which the court properly relied in making the upward departure (Correction Law § 168-n [3]; see People v Mingo, 12 NY3d 563, 572-573 [2009]; People v Tidd, 128 AD3d 1537, 1537-1538 [4th Dept 2015], lv denied 25 NY3d 913 [2015]). Finally, defendant failed to identify a mitigating factor not adequately taken into account by the risk assessment guidelines and, in any event, the purported mitigating factor is outweighed by the aggravating factors (see People v Mangan, 174 AD3d 1337, 1339 [4th Dept 2019], lv denied 34 NY3d 905 [2019]; People v Sczerbaniewicz, 126 AD3d 1348, 1349-1350 [4th Dept 2015]).
Entered: June 12, 2020
Mark W. Bennett
Clerk of the Court