People v Thompson (2020 NY Slip Op 05064)





People v Thompson


2020 NY Slip Op 05064


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
BETSY BARROS, JJ.


2018-12452

[*1]People of State of New York, respondent,
v
Lamar Thompson, appellant.


Paul Skip Laisure, New York, NY (Denise A. Corsí of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy James Mangano, Jr., J.), dated August 20, 2018, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of rape in the first degree. After a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]), the defendant was designated a level three sex offender based upon the assessment of a total of 115 points on the risk assessment instrument.
We agree with the Supreme Court's determination to assess the defendant 15 points under risk factor 11 based upon his history of drug abuse, which was proven by clear and convincing evidence (see People v Leake, 167 AD3d 786, 787; People v Dilillo, 143 AD3d 960; People v Zavala, 114 AD3d 653). Further, we agree with the court's determination to assess 15 points under risk factor 12 (acceptance of responsibility), since the defendant's refusal to participate in a sex offender treatment program demonstrated an unwillingness to accept responsibility for the crime (see People v Quinones, 157 AD3d 834; People v DeCastro, 101 AD3d 693).
In denying the defendant's request for a downward departure from his presumptive risk level, the Supreme Court failed to adequately set forth its findings of fact and conclusions of law. However, since the record is sufficient, this Court may render its own findings of fact and conclusions of law without remitting the matter to the Supreme Court (see People v Somodi, 170 AD3d 1056, 1056-1057; People v Johnson, 168 AD3d 1110, 1111).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006; hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor [*2]to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Snyder, 175 AD3d 1331, 1332).
Here, the defendant failed to sustain his burden of proof in support of his application for a downward departure. Contrary to the defendant's contention, an offender's age of 20 or younger at the time the first sex offense was committed is taken into account by the Guidelines and deemed to be an aggravating factor rather than a mitigating factor (see People v Adams, 174 AD3d 828, 829). The other alleged mitigating circumstances identified by the defendant either were adequately taken into account by the Guidelines or were not proven by a preponderance of the evidence (see People v Blinker, 170 AD3d 1052, 1052-1053; People v Ralph, 170 AD3d 900, 901).
Accordingly, we agree with the Supreme Court's determination denying the defendant's request for a downward departure from the presumptive risk level and designating him a level three sex offender.
DILLON, J.P., AUSTIN, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court