People v June (2021 NY Slip Op 03729)





People v June


2021 NY Slip Op 03729


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


519 KA 20-01201

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
PAUL JUNE, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Onondaga County Court (Stephen J. Dougherty, J.), entered September 20, 2018. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining him to be a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.), defendant contends, and the People correctly concede, that County Court violated his right to due process by assessing 30 points under risk factor three because defendant was not provided with the requisite notice thereof (see § 168-k [2]; see also People v Chrisley, 172 AD3d 1914, 1915-1916 [4th Dept 2019]). However, that error was harmless inasmuch as, contrary to defendant's contention, the court properly determined as an alternative basis for the risk level assessment that, if defendant were a presumptive level one risk, the People would be entitled to the grant of their request for an upward departure from that presumptive risk level (see generally People v Baxin, 26 NY3d 6, 11 [2015]). Indeed, the People established by clear and convincing evidence the existence of aggravating factors not adequately taken into account by the risk assessment guidelines, including a quantity of over 1,000 images and videos depicting child pornography that were discovered on defendant's computer, the sadomasochistic or violent nature of many of those images, and the ages of the children depicted in the images, some of whom were as young as one year old (see People v Tatner, 149 AD3d 1595, 1595-1596 [4th Dept 2017], lv denied 29 NY3d 916 [2017]; People v McCabe, 142 AD3d 1379, 1380 [4th Dept 2016]). We have reviewed defendant's remaining contentions and conclude that none warrants
reversal or modification of the order.
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court