People v Lund (2022 NY Slip Op 01708)





People v Lund


2022 NY Slip Op 01708


Decided on March 11, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, NEMOYER, AND CURRAN, JJ.


1143 KA 21-00021

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BRADLY C. LUND, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALLYSON L. KEHL-WIERZBOWSKI OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Genesee County Court (Charles N. Zambito, J.), dated December 23, 2020. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.), defendant contends that County Court's upward departure from his presumptive classification as a level two risk is not supported by clear and convincing evidence. We reject that contention.
"It is well settled that a court may grant an upward departure from a sex offender's presumptive risk level when the People establish, by clear and convincing evidence . . . , the existence of an aggravating . . . factor of a kind, or to a degree, that is otherwise not adequately taken into account by the [risk assessment] guidelines" (People v Cardinale, 160 AD3d 1490, 1490-1491 [4th Dept 2018] [internal quotation marks omitted]; see People v Hackrott, 170 AD3d 1646, 1647 [4th Dept 2019], lv denied 33 NY3d 908 [2019]). Here, we conclude that the court's determination to grant an upward departure was based on clear and convincing evidence of aggravating factors not adequately accounted for by the risk assessment guidelines, including evidence of defendant's lengthy history of sexually aggressive behavior toward children (see People v Coon, 184 AD3d 1091, 1092 [4th Dept 2020], lv denied 35 NY3d 916 [2020]; People v Zimmerman, 101 AD3d 1677, 1678 [4th Dept 2012]; People v Howe, 49 AD3d 1302, 1302 [4th Dept 2008]). Contrary to defendant's contention, "the statements in the presentence report and case summary constitute 'reliable hearsay' upon which the court properly relied in making the upward departure" (Coon, 184 AD3d at 1092, quoting Correction Law
§ 168-n [3]; see People v Tidd, 128 AD3d 1537, 1537 [4th Dept 2015], lv denied 25 NY3d 913 [2015]; see generally People v Mingo, 12 NY3d 563, 573 [2009]).
Entered: March 11, 2022
Ann Dillon Flynn
Clerk of the Court