People v Cottom (2022 NY Slip Op 04510)

People v Cottom

2022 NY Slip Op 04510

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, NEMOYER, CURRAN, AND BANNISTER, JJ.

572.1 KA 21-01674

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KIRK COTTOM, DEFENDANT-APPELLANT. 

BRIDGET L. FIELD, ROCHESTER, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Supreme Court, Monroe County (Vincent M. Dinolfo, J.), entered June 21, 2021. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.). We affirm.
Initially, inasmuch as the record establishes that defendant did not request an adjournment, including for the purpose of permitting him to obtain additional materials pursuant to Correction Law § 168-n (3), defendant's contention that Supreme Court deprived him of due process by failing to adjourn the hearing is not preserved for our review (see People v LaRock, 45 AD3d 1121, 1123 [3d Dept 2007]; see generally People v Scott, 71 AD3d 1417, 1417 [4th Dept 2010], lv denied 14 NY3d 714 [2010]).
Next, contrary to defendant's contention, we conclude that the court properly assessed 10 points under risk factor 12 based on defendant's failure to accept responsibility. The risk assessment guidelines issued by the Board of Examiners of Sex Offenders (Board) provide that "[a]n offender who does not accept responsibility for his conduct or minimizes what occurred is a poor prospect for rehabilitation" and, consequently, 10 points are properly assessed to an offender who has not accepted responsibility (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15 [2006] [Guidelines]). The Guidelines further provide that, "[i]n scoring this category, the Board or court should examine the offender's most recent credible statements and should seek evidence of genuine acceptance of responsibility" (Guidelines at 15). Here, although defendant pleaded guilty to the child pornography crimes underlying the SORA determination, the People established by clear and convincing evidence, including reliable hearsay (see Correction Law
§ 168-n [3]; People v Mingo, 12 NY3d 563, 573 [2009]), that defendant subsequently made statements after his release from incarceration in direct contradiction to his guilty plea by denying that he had engaged in any illegal activity (see People v Hiram, 142 AD3d 1304, 1305 [4th Dept 2016], lv denied 28 NY3d 911 [2016]; People v Noriega, 26 AD3d 767, 767 [4th Dept 2006], lv denied 6 NY3d 713 [2006]). Defendant's "contradictory statements, considered together, do not reflect a genuine acceptance of responsibility as required by the [Guidelines] developed by the Board" (Noriega, 26 AD3d at 767 [internal quotation marks omitted]; see Hiram, 142 AD3d at 1305).
Defendant also contends that the court erred in granting the People's request for an upward departure from his presumptive classification as a level one risk to a level two risk. We [*2]reject that contention.
It is well settled that when the People establish, by clear and convincing evidence (see Correction Law § 168-n [3]), the existence of aggravating factors that are "as a matter of law, of a kind or to a degree not adequately taken into account by the [G]uidelines," a court "must exercise its discretion by weighing the aggravating and [any] mitigating factors to determine whether the totality of the circumstances warrants a departure" from a sex offender's presumptive risk level (People v Gillotti, 23 NY3d 841, 861 [2014]; see People v Sincerbeaux, 27 NY3d 683, 689-690 [2016]; People v Coon, 184 AD3d 1091, 1092 [4th Dept 2020], lv denied 35 NY3d 916 [2020]; Guidelines at 4).
Here, the People established by clear and convincing evidence the existence of aggravating factors not adequately taken into account by the Guidelines, including the quantity of images depicting child pornography that were discovered on defendant's computers and the sadomasochistic nature of certain of those images (see People v June, 195 AD3d 1443, 1444 [4th Dept 2021], lv denied 37 NY3d 912 [2021]; Coon, 184 AD3d at 1092; People v McCabe, 142 AD3d 1379, 1380 [4th Dept 2016]). Contrary to defendant's contention, the court was not limited to considering only the crimes of which defendant was convicted in making its determination (see Guidelines at 5; People v Hightower, 197 AD3d 742, 744 [2d Dept 2021], lv denied 37 NY3d 918 [2022]), and the information in the presentence report and case summary regarding the quantity and nature of the child pornography in defendant's possession constitutes "reliable hearsay" upon which the court properly relied and credited in making the upward departure (Correction Law § 168-n [3]; see Mingo, 12 NY3d at 572-573; Coon, 184 AD3d at 1092; see generally People v Diaz, 34 NY3d 1179, 1181 [2020]). Contrary to defendant's further contention, the aggravating factors outweighed any mitigating factors, and the totality of the circumstances thus warranted an upward departure to avoid an under-assessment of defendant's dangerousness and risk of sexual recidivism (see People v Sczerbaniewicz, 126 AD3d 1348, 1349-1350 [4th Dept 2015]; see generally Gillotti, 23 NY3d at 861).
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court