People v Ferris (2023 NY Slip Op 03641)

People v Ferris

2023 NY Slip Op 03641

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, BANNISTER, MONTOUR, AND GREENWOOD, JJ.

515 KA 22-01398

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
VINCE M. FERRIS, DEFENDANT-APPELLANT. 

ANDREW D. CORREIA, PUBLIC DEFENDER, LYONS (BRIDGET L. FIELD OF COUNSEL), FOR DEFENDANT-APPELLANT. 

 Appeal from an order of the Wayne County Court (John B. Nesbitt, J.), dated August 6, 2021. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.). We agree with defendant that County Court violated his due process rights by sua sponte assessing or increasing points for three of the risk factors in the risk assessment instrument (RAI) without notice to him. "The due process guarantees in the United States and New York Constitutions require that a defendant be afforded notice of the hearing to determine his or her risk level pursuant to SORA and a meaningful opportunity to respond to the risk level assessment" (People v Chrisley, 172 AD3d 1914, 1915 [4th Dept 2019] [internal quotation marks omitted]; see § 168—n [3]; People v Hackett, 89 AD3d 1479, 1480 [4th Dept 2011]). Here, neither the Board of Examiners of Sex Offenders (Board) nor the People requested the assessment of points under risk factors 6 and 12 or an increase of points assessed under risk factor 2, and defendant learned of the assessment of additional points for the first time when the court issued its decision (see Hackett, 89 AD3d at 1480; cf. People v Wheeler, 59 AD3d 1007, 1008 [4th Dept 2009], lv denied 12 NY3d 711 [2009]). However, the court's error was harmless inasmuch as defendant was already a presumptive level three risk based on the RAI prepared by the Board and recommended for adoption by the People (cf. People v Ritchie, 203 AD3d 1562, 1564 [4th Dept 2022]; see generally People v June, 195 AD3d 1443, 1444-1445 [4th Dept 2021], lv denied 37 NY3d 912 [2021]).
Contrary to defendant's contention, we conclude that the court complied with Correction Law § 168-n (3), requiring the court to set forth the findings of fact and conclusions of law on which it based its determination (cf. People v Dean, 169 AD3d 1414, 1415 [4th Dept 2019]). We further reject defendant's contention that he was denied effective assistance of counsel. Viewing the evidence, the law, and the circumstances of this case in totality and as of the time of the representation, we conclude that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]; People v Stack, 195 AD3d 1559, 1560 [4th Dept 2021], lv denied 37 NY3d 915 [2021]).
We have considered defendant's remaining contentions and conclude they do not warrant modification or reversal of the order.
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court