People v Junot (2024 NY Slip Op 04025)

People v Junot

2024 NY Slip Op 04025

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, MONTOUR, GREENWOOD, AND KEANE, JJ.

529 KA 23-00647

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TERRANCE JUNOT, III, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Monroe County Court (Caroline E. Morrison, J.), entered January 12, 2023. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by determining that defendant is a level one risk pursuant to the Sex Offender Registration Act and as modified the order is affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level two risk under the Sex Offender Registration Act (Correction Law § 168 et seq.). We agree with defendant that County Court erred in granting the People's request for an upward departure from the presumptive level one risk. It is well settled that a court must follow a three-step procedure to determine whether an upward departure from the presumptive risk level is warranted (see People v Gillotti, 23 NY3d 841, 861 [2014]). In the first step, the court "must decide whether the aggravating . . . circumstances alleged by [the People] are, as a matter of law, of a kind or to a degree not adequately taken into account by the [risk assessment] guidelines" (id.; see People v Foley, 35 AD3d 1240, 1240-1241 [4th Dept 2006]). Here, the People identified as aggravating factors to warrant an upward departure that there were multiple acts of sexual intercourse and oral sexual conduct between defendant and the victim, but we conclude that the sexual conduct with the victim and the continuing course of sexual misconduct are factors that are adequately taken into account by the risk assessment guidelines under risk factors two and four (see People v Torres-Acevedo, 213 AD3d 1266, 1266 [4th Dept 2023]; cf. People v Cortez-Moreno, 215 AD3d 698, 699 [2d Dept 2023], lv denied 40 NY3d 902 [2023]; People v Stewart, 77 AD3d 1029, 1030 [3d Dept 2010]). We therefore modify the order by determining that defendant is a level one risk (see Foley, 35 AD3d at 1241).
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court